IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

VINCENT PAUL LAPLANTE                                              PLAINTIFF

vs.                                  Civil No. 6:13-cv-06121

CAROLYN COLVIN                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Vincent Paul LaPlante ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff's application for DIB and SSI was filed on October 16, 2006. (Tr. 101-110). Plaintiff alleged he was disabled due to bi-polar and back problems. (Tr. 131). Plaintiff alleged an onset date of June 30, 2001. (Tr. 131). These applications were denied initially and again upon reconsideration. (Tr. 54-66). Thereafter, Plaintiff requested an administrative hearing on his

---

[1] The docket numbers for this case are referenced by the designation "ECF. No.___" The transcript pages for this case are referenced by the designation "Tr."

applications and this hearing request was granted. (Tr. 70-72).

Plaintiff's initial administrative hearing was held on November 5, 2008. (Tr. 19-49). Following this on, January 15, 2009, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 7-18). On February 17, 2011, the District Court remanded the case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). (Tr. 596-605).

Following this, Plaintiff had a second administrative hearing on February 7, 2012. (Tr. 535-579). Plaintiff was present and was represented by counsel, Thomas McGowan, at this hearing. *Id.* Plaintiff, his mother Wanda LaPlante, and Vocational Expert ("VE") Mack Welch testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), had completed the tenth grade and obtained a GED. (Tr. 24).

On March 2, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 512-528). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2006. (Tr. 514, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since June 30, 2001, his alleged onset date. (Tr. 514, Finding 2).

The ALJ determined Plaintiff had the severe impairments of degenerative disc disease, morbid obesity, seizure disorder (stable/medically controlled) and anxiety/depression. (Tr. 514, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 515, Finding 4).

2

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 516-526). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* The ALJ also found Plaintiff retained the RFC to perform light work with unlimited ability to operate hand and foot controls; can climb, balance, stoop, kneel, crouch, and crawl occasionally; should avoid work at unprotected heights or around moving machinery, as well as work requiring the use of firearms or the operation of motor vehicles; and is restricted to work where interpersonal contact is only incidental to the work performed, the complexity of tasks are learned and performed by rote with few variables and requiring little judgment, and the supervision required is simple, direct and concrete. (Tr. 516-517, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 526, Finding 6). The ALJ found Plaintiff was unable to perform his PRW as a casino card dealer. *Id.* The ALJ, however, also determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 527, Finding 10). The ALJ based his determination upon the testimony of the VE. *Id.* Specifically, the VE testified that given all Plaintiff's vocational factors, a hypothetical individual would be able to perform the requirements of a representative occupation such as a hand packer with approximately 3,200 such jobs in Arkansas and 400,000 such jobs in the nation, and as a hotel-motel maid/industrial cleaner with approximately 5,000 such jobs in Arkansas and 400,000 such jobs in the nation. *Id*. Based upon this finding, the ALJ determined Plaintiff had not been under a disability as defined by the Act from June 30, 2001 through the date of the decision. (Tr. 528, Finding 11).

On October 17, 2013, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 17, 2013. ECF No. 5. Both Parties have filed appeal

briefs. ECF Nos. 12, 15. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive

months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform.  *See Cox,* 160 F.3d at 1206;  20 C.F.R. §§ 404.1520(a)-(f).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

Plaintiff brings the present appeal claiming the ALJ erred: (A) in failing to properly consider Plaintiff's complaints of pain, (B) in the weight given the opinions of Plaintiff's physician, and (C) in failing to present a proper hypothetical to the VE.  ECF No. 12, Pgs. 2-10.  In response, the Defendant argues the ALJ did not err in any of his findings.  ECF No. 15.

### A. ALJ's Credibility Determination

Plaintiff claims the ALJ erred in his credibility determination.  ECF No. 12.  In response, Defendant argues the ALJ properly evaluated and discredited Plaintiff's subjective complaints pursuant to the directives of *Polaski*.  ECF No. 15.

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Plaintiff argues the ALJ erred in assessing his credibility as it related to the limiting effects of his impairments and did not fully consider his subjective complaints. The Defendant argues the ALJ properly evaluated Plaintiff's subjective complaints of pain in compliance with *Polaski*.

In the present action, this Court finds the ALJ properly addressed and discounted Plaintiff's subjective complaints. In his opinion, the ALJ addressed the factors from *Polaski*, 20 C.F.R. § 404.1529, and 20 C.F.R. § 416.929, and stated inconsistencies between Plaintiff's testimony and the record. (Tr. 517-526). Specifically, the ALJ noted the following: (1) Absence of objective medical findings to support Plaintiff's alleged disabling pain, (2) Plaintiff's described activities of daily living are not limited to any serious degree, (3) No physician has placed a level of limitation on Plaintiff's activities comparable to those described by Plaintiff, (4) Plaintiff has not required regular treatment for any impairment, and (5) Plaintiff used pain medication sparingly and there were multiple references to the absence of significant side effects. *Id.*

These findings are valid reasons supporting the ALJ's credibility determination, and this Court finds the ALJ's credibility determination is supported by substantial evidence and should be affirmed. *See Lowe,* 226 F.3d at 971-72. Accordingly, the ALJ did not err in discounting Plaintiff complaints of pain.

### B.  ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the]

record." *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation. *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

Plaintiff argues the ALJ improperly discredited the objective findings of Dr. Mark Albey in assessing Plaintiff's RFC.  ECF No. 12, Pgs. 4-8.  However, Plaintiff's argument is without merit as the ALJ gave sufficient reasons for his treatment of the opinions of Dr. Albey.

Plaintiff's argument centers on the opinions set forth by Dr. Abley in a Work Capacities Form filed out by Dr. Abley on July 6, 2011.  (Tr. 729-731).  On this form, Dr. Albey listed limitations of Plaintiff including: lifting occasionally and frequently up to ten pounds; standing or walking less than two hours and sitting three-to-four hours in an eight-hour workday; driving up to two hours; and being unable to bend, squat, kneel, or climb. *Id.*  Dr. Albey also stated Plaintiff was taking medications that caused sedation and could not take while operating machinery.  (Tr. 730). Dr. Albey indicated Plaintiff had bipolar disorder, anxiety disorder, and seizure disorder that affected his ability to do basic work activities on a sustained basis and to concentrate, remember, follow instructions, or work at a consistent pace. *Id.*

The ALJ, in his decision, gave only "some weight" to opinions of Dr. Albey.  (Tr. 525).  The ALJ stated Dr. Albey had confirmed in previous medical reports that Plaintiff's physical and mental conditions were stable and unchanged for years. *Id.*  Also, as the ALJ found, there was no evidence

that prior to this report, Dr. Albey had ever advised Plaintiff of any functional limitations or that he was precluded from engaging in work activity. *Id.* Of significance, inconsistent with Dr. Albey's opinion that Plaintiff was taking medications that caused sedation and could not take while operating machinery, was that Dr. Albey noted in the treatment records he had given Plaintiff a prescription for Ultram because it did make Plaintiff drowsy. (Tr. 417).

The medical evidence does not support Dr. Albey's opinion that Plaintiff has extreme limitations and his impairments affect his ability to perform work related activities. The ALJ committed no error in his treatment of medical opinions from Dr. Albey.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart,* 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue,* 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart,* 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart,* 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge,* 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform

work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform light work with unlimited ability to operate hand and foot controls; can climb, balance, stoop, kneel, crouch, and crawl occasionally; should avoid work at unprotected heights or around moving machinery, as well as work requiring the use of firearms or the operation of motor vehicles; and is restricted to work where interpersonal contact is only incidental to the work performed, the complexity of tasks are learned and performed by rote with few variables and requiring little judgment, and the supervision required is simple, direct and concrete. (Tr. 516-517, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 571-573). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 527, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 528, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence

to support the ALJ's decision.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **6th day of October 2014.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE